# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-KA-00782-SCT

*DERRICK BURDEN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/28/2021 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| TRIAL COURT ATTORNEYS: | JEFFERY KENDRICK HARNESS |
| | CHRISTOPHER SEPHERN GREEN |
| | PAUL DRAUGHN SULLIVAN |
| COURT FROM WHICH APPEALED: | WILKINSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALEXANDRA LEBRON |
| DISTRICT ATTORNEY: | RONNIE LEE HARPER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/15/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. A Wilkinson County jury convicted Derrick Burden of aggravated assault and acquitted him of arson. The trial court sentenced Burden to ten years in the custody of the Mississippi Department of Corrections, with five years suspended and full credit for time served. After sentencing, Burden filed a motion for a directed verdict, which the court denied. Burden also filed a motion for a new trial, which was deemed denied. Now, he appeals.

## FACTS AND PROCEDURAL HISTORY

¶2.    Burden lived with his girlfriend, Jessica Hayes, for more than a year before they broke up; Hayes asked him to move out. Six months later, Burden approached Hayes while she was working. That evening, Burden stayed at Hayes's work until closing time. Hayes avoided Burden, did not engage with him, and got into her car and left. Hayes encountered Burden again later the same evening at the Magnolia Inn motel in Woodville. She testified that she was in a motel room with a former boyfriend, Willie Myers. Hayes further testified that Burden came to the motel and started banging on their door and yelling for her. Hayes claimed she recognized his voice.

¶3.    Burden eventually kicked the door in at which time Myers ran to his truck parked nearby. Burden entered the room "foaming at the mouth," wide eyed, and sweating. Hayes testified that Burden came straight to her, punched her in the head, and threatened to kill her. She claimed Burden started choking her, and she fought back until they fell over. Hayes ultimately testified that Burden got on top of her and started punching and choking her until she lost consciousness.

¶4.    Hayes tried to get to the door when she came to, but Burden pushed her into a mirror. The pair then fell onto and broke a table. Hayes claimed Burden continued striking and choking her. She stated that she could only lie there and that Burden continued threatening to kill her.

2

¶5.     Hayes eventually escaped and went straight to the sheriff's office.  Hayes then went to the emergency room at Field Memorial Community Hospital in Centreville because she was lightheaded, her face was swollen, and her entire body was sore.  Hayes was evaluated and treated for bruises and swelling to her head and body. Photographs were taken of her injuries at the emergency room that night.

¶6.     Burden was indicted on one count of aggravated assault under Mississippi Code Section 97-3-7 (Rev. 2020).  He pled not guilty and proceeded to trial.  After the State concluded its case-in-chief, Burden moved for a directed verdict, which the trial court denied.  The defense rested without producing any witnesses or evidence.  Burden did proffer one witness.  Burden did not renew his motion for directed verdict and did not move for a judgment notwithstanding the verdict.

**DISCUSSION**

¶7.     Burden moved for a directed verdict during his trial and now asks this Court to render an acquittal, to render a conviction for simple assault, and to remand this case for resentencing, or, alternatively, to reverse his conviction and order a new trial.  He argues that the State failed to offer evidence that Hayes suffered any serious bodily injury and that the State also failed to present evidence to support an inference that Burden attempted to cause serious bodily injury.  He also claims that the evidence was insufficient for a conviction of aggravated assault and, alternatively, that the verdict against him was contrary to the weight

3

of evidence. Burden makes essentially the same argument for both his sufficiency-of-the-evidence and weight-of-the-evidence challenges.

¶8.     A challenge to the sufficiency of the evidence and a challenge to the weight of the evidence are separate issues with different standards of review and require separate analyses. *Kirk v. State*, 160 So. 3d 685, 695 (¶ 24) (Miss. 2015).

### 1.     Sufficiency of the Evidence

¶9.     "A denial of a judgment notwithstanding the verdict is subject to *de novo* review on appeal." *Id.* (citing *Daniels v. State*, 107 So. 3d 961, 963 (¶ 10) (Miss. 2013)). A denial of a judgment notwithstanding the verdict will be upheld if the verdict is supported by substantial evidence. *Id.* (¶ 25). "'Substantial evidence' is information of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions." *Natchez Elec. & Supply Co. v. Johnson*, 968 So. 2d 358, 362 (¶ 12) (Miss. 2007) (quoting *Blake v. Clein*, 903 So. 2d 710, 731 (¶ 61) (Miss. 2005)). The evidence will be "viewed in the light most favorable to the verdict." *Daniels*, 107 So. 3d at 963 (¶ 11) (citing *Johnson v. St. Dominics-Jackson Mem'l Hosp.*, 967 So. 2d 20, 22 (Miss. 2007)).

¶10.    Burden alleges that the State failed to offer evidence that Hayes suffered any serious bodily injury and that the State failed to present evidence to support an inference that Burden attempted to cause serious bodily injury. Burden was charged and convicted under Mississippi Code Section 97-3-7(2)(a). The statute states, in relevant part:

4

> A person is guilty of aggravated assault if he or she (i) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; (ii) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm . . . .

Miss. Code. Ann. § 97-3-7(2)(a) (Rev. 2020).

¶11. Burden further argues that Hayes suffered injuries that were less severe than did victims in other cases of aggravated assaults. But the statute only requires an attempt to cause serious bodily injury. It does not require the victim to have actually sustained serious bodily injuries. *Wilson v. State*, 936 So. 2d 357, 365 (¶ 20) (Miss. 2006) ("This Court does not require that an aggressor beat his victim 'to within an inch of his life in order to be found guilty of aggravated assault.'" (quoting *Fleming v. State*, 604 So. 2d 280, 292 (Miss. 1992))). Further, an assailant's hands and feet need not themselves constitute a deadly weapon when viewed in light of Section 97-3-7, but rather their use must constitute a "means likely to produce [either] death or serious bodily harm." *Jackson v. State*, 594 So. 2d 20, 24 (Miss. 1992). Therefore, "[m]ere 'bodily injury' is sufficient so long as it was caused with 'other means likely to produce death or serious bodily harm.'" *Id.* The above-listed considerations involve questions of fact to be decided by the jury. *Id.*

¶12. The record is replete with testimony by Hayes regarding the assault. She testified that she was repeatedly struck by Burden's fists, choked, and shoved into a table and mirror. Additionally, she alleges that during the altercation, she lost consciousness. Medical records and photos from the night of the assault were admitted into evidence and documented

Hayes's injuries. The medical records and pictures indicate a head injury along with bruises. The photos show Hayes with a very swollen head and face and blood on her clothes. A reasonable jury could have found beyond a reasonable doubt that Burden's assault of Hayes with his hands constituted an attempt to cause serious bodily injury with a means likely to produce death or serious bodily harm.

¶13. Based on the record, Hayes's testimony and exhibits, and viewing the evidence in the light most favorable to the verdict, any rational juror could have found beyond a reasonable doubt that Burden committed aggravated assault. The verdict was supported by substantial evidence.

### 2. Weight of the Evidence

¶14. "A motion for a new trial falls within a lower standard of review than does that of a judgment notwithstanding the verdict or a directed verdict. A motion for a new trial simply challenges the weight of the evidence. The Supreme Court will reverse the lower court's denial of a motion for a new trial only if, by doing so, the court abused its discretion."

*Daniels*, 107 So. 3d at 963 (¶ 12) (quoting *Sheffield v. State*, 749 So. 2d 123, 127 (¶ 16) (Miss. 1999)). Burden moved for a new trial, but we note that no ruling was made on the motion. It was deemed denied by operation of law based on Mississippi Rule of Criminal Procedure 25.3, under which a motion for new trial is deemed denied, if not ruled on, thirty days after its filing.

¶15. In reviewing a weight-of-the-evidence challenge, we must also view the evidence in the light most favorable to the verdict. *Little v. State*, 233 So. 3d 288, 289 (¶ 1) (Miss. 2017).

6

The court will only disturb a verdict if it is "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Id.* at 292 (¶ 21) (internal quotation mark omitted) (quoting *Lindsey v. State*, 212 So. 3d 44, 45 (¶ 4) (Miss. 2017)).

¶16.    Burden requests a new trial for the same reasons he raised for his sufficiency-of-the-evidence challenge.  He claims that the medical records in evidence do not show serious injury;  among other discrepancies in Hayes's testimony, there was no evidence of choking in the record other than Hayes's testimony.  Plenty of other evidence, however, supported an aggravated assault conviction,  regardless of how the jury weighed Hayes's testimony about Burden choking her.

¶17.    Burden's argument here fails for the same reasons that the sufficiency-of-the-evidence claim fails.  Without reiterating the entire argument, ample testimony and evidence in the record showed that Burden's assaulting Hayes constituted aggravated assault.  The statute only requires an attempt to cause serious bodily harm by a means likely to produce death or serious bodily harm.  Miss. Code Ann. § 97-3-7(2)(a).  A reasonable jury could have found that Burden attempted to cause serious bodily harm with his fists and by pushing Hayes into the table with enough force to break it.  Thus, the jury's verdict was not "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Little*, 233 So. 3d at 292 (¶ 21) (internal quotation mark omitted) (quoting *Lindsey*, 212 So. 3d at 45 (¶ 4)).

7

## CONCLUSION

¶18.    Because the record showed ample evidence in the form of Hayes's testimony, medical records, and photos, viewing it in the light most favorable to the verdict, the evidence was sufficient to sustain an aggravated assault conviction, and the verdict was not against the overwhelming weight of the evidence.

¶19.    **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**